## Samuel Root & another, Administrators *vs.* Rowland Bancroft & others.

A and B., in 1827, mortgaged land to C. and D. jointly, to secure one note made by A. and B to C., and two notes made by them to C., which were signed by D. as their surety: D. paid these two notes, and afterwards, viz in 1834, C. and D. brought an action on the mortgage, and recovered judgment for possession of the mortgaged premises, unless A. and B. should pay the amount due on the other note: Execution issued on said judgment, but was never put into the hands of an officer, and C. never took possession of said premises: In 1840, D. recovered a judgment and took out execution thereon against A. and B., caused their right to redeem said premises to be sold on said execution, became the purchaser of said right, received a deed thereof from the officer who sold it, entered upon said premises, and had exclusive possession thereof more than three years. C.'s administrators afterwards brought a writ of entry against A., B. and D., to foreclose the mortgage. *Held,* that C. and D. were tenants in common of the legal estate; that there had been no ouster by D., and therefore that this action could not be maintained. *Held also,* that the interests of the parties in the equitable and beneficial estate might be adjusted by a bill in equity

WRIT OF ENTRY to recover two tracts of land in Granville. The action was commenced in the court of common pleas, and the demandants counted on the mortgage hereinafter mentioned.  The case was submitted to that court on the following statement of facts :

" The demandants claimed title to the demanded premises under a mortgage thereof, (which is part of the case,) made on the 27th of November 1827, to Joel Root, their intestate, and Alva Stow, one of the tenants, who defends this suit, by Rowland Bancroft and Joseph W. Bancroft, the other tenants, who have been defaulted.  This mortgage was given to secure a note of even date therewith, made by said Rowland and Joseph W. to said Root, for $136, payable in one year, with annual interest, and also to secure two other notes, made by said Rowland and Joseph W. to said Root, and signed by said Alva Stow, as their surety, each of the same date and for the same sum, with annual interest, one payable in two years, and the other in three years.*  On the 7th of May 1832, a suit was brought in the names of said Root and Stow, upon said mortgage, and at the April term of the supreme judicial court, in 1834, conditional judgment was recovered for the payment of the first of said notes ; the other two notes having been previously paid by said Stow.  Execution issued on said judgment, October 15th 1834, but never was committed to an officer, nor did said Root take possession of the premises.  Afterwards, viz. on the 20th of July 1840, the said Stow, having an execution against said Rowland Bancroft and Joseph W. Bancroft, caused their right in equity to redeem the premises to be sold thereon, and purchased the same.  The sheriff made to him a deed, under which he entered, and has since had exclusive possession."

The case came into this court by appeal from the judgment of the court of common pleas on the foregoing agreed statement.

---

* The condition of the mortgage was, that said Rowland and Joseph W. should pay to said Root their note for $136, payable in one year, and also pay to him their two notes, for the same sum, " undersigned by Alva Stow, one payable in two, and the other in three years, with interest annually.'

*R. A. Chapman*, for the demandants.

*Boise*, for Stow.

The decision was made at September term 1846.

SHAW, C. J.    This action is brought by the administrators of Joel Root, to foreclose a mortgage made by Rowland and J. W. Bancroft, to said Joel Root and the tenant, Alva Stow, jointly, to secure a debt due from the said Bancrofts to said Root.    The facts present a case of some confusion in the relations of the parties and the remedies resulting from them ; and the facts are not fully stated.    The express condition of the mortgage was, to secure the payment of three notes described. But it was stated, as matter of description, that the two last of these notes were undersigned by Stow, from which we understand (and indeed the parties have alleged in the statement of facts) that he was surety for the Bancrofts to Root, upon those notes.    Perhaps the parties had an undefined notion that the mortgage was such that if Stow, as surety, had to pay the notes, it would enure to his benefit, to indemnify and reimburse him.    If this was the purpose, it was not expressed in the condition ; and whether it would so operate, if he had paid the notes and brought suit on the mortgage against the Bancrofts, to foreclose, we give no opinion.    But whether Stow ever did pay said two notes, or any part of them, *as such surety*, or whether the judgment on which he took the equity of redemption was for money so paid, does not appear by the facts stated.    It only appears that he recovered a judgment against the Bancrofts, for some cause, and levied his execution on the equity.    It is a question, therefore, whether Stow took any beneficial interest under the mortgage.    If, indeed, he was surety for the Bancrofts to Root, as Root held this mortgage as collateral security from the principals, and if Stow, as surety, paid the debt, he would, by a well known principle of equity, have been entitled to the benefit of the mortgage ; it being a security in the hands of the principal, for the debt.    But he would have had the same beneficial interest in the mortgage, by the principle of subrogation, though he had not been party to it as mortgagee.    What then

was the effect of making Stow a mortgagee, without inserting any clause, in the condition, for his benefit ? In considering this question, it is necessary to distinguish between the legal rights of parties in the estate mortgaged, and the equitable or beneficial interests arising from such mortgage. *Primâ facie,* it would seem, that if a mortgage were made to two, conditioned to secure the payment of a debt to one of them only, the legal estate would vest in the two as tenants in common ; but the one having no debt secured would be trustee, to the extent of his moiety, and hold it in trust to secure the debt due to the actual creditor. As between mortgagor and mortgagee, the execution and delivery of the mortgage deed transfer the legal estate and vest it in the mortgagee ; and the interest of the mortgagor is a right to redeem. So far as the *legal* estate was concerned, Stow, by this mortgage, became tenant in fee, jointly or as tenant in common, with Joel Root. If, therefore, no action had ever before been brought on this mortgage, it seems to us that there would have been great difficulty in holding that an action to foreclose, which goes for the realty, could have been maintained by Root, or his representatives, against Stow, a co-mortgagee. But it appears that on a former occasion Root and Stow brought their action jointly against the Bancrofts, and had a conditional judgment, as upon the statute. This established their title, their *legal* title, as tenants in common of the realty. No execution was taken out under that judgment; but the judgment itself, in a real action upon the question of title, is a sufficient authority to warrant the recoverer to enter ; and if he can do so peaceably, it shall avail him, as if he had been put in possession by the execution of a writ of seizin.

It further appears by the case that, after this judgment was rendered, Stow entered, and had peaceable possession more than three years. But it is a familiar rule, that the entry of one tenant in common on the common estate shall enure to the benefit of his cotenants ; and when such entry is made, after a judgment in a real. action in favor of two, by one of them, it must be presumed to be made according to his right,

which would be his right under such judgment.  As Stow purchased the equity of redemption, and entered, and held the estate long enough to bar the right of redeeming from the sale, we are inclined to the opinion that, as against the Bancrofts, the original mortgagors, the mortgage is foreclosed. But in no event could the entry of Stow under that purchase oust the original mortgagee, or his representatives.  If it was under the judgment, it was the entry of a tenant in common, which enured to the benefit of Root, his cotenant.  If it was under the purchase of the equity at the sheriff's sale, he took the right of the mortgagor only ; and no mortgagor can oust his mortgagee by any entry, or by possession of the land.

If this is the right view of the case, it appears to us that the Bancrofts are out of the case, and that, as between the demandants and Stow, by the deed and the judgment, the demandants and Stow are tenants in common of the *legal estate, primâ facie* in moieties; but that, in the equitable and beneficial estate, the interests of the parties are unequal and varying.  By the original deed, Stow, not being a creditor, was trustee for Root, so far as to secure the debt; and this relation was not varied by the judgment.  But if Stow paid any part of the notes *as surety*, Root was trustee for him for the balance of the mortgaged property, which should be more than sufficient to secure the residue of the mortgage debt; and finally, by the purchase of the right to redeem, and foreclosing the right of redeeming the equity from such sale, Stow is entitled to hold the estate, after the payment in full of the debt due to the representatives of Root on the mortgage. Without intending to give any opinion which might affect parties not now before the court, it appears to us that the remedy for either of these parties is by bill in equity.  Neither can have a real action against the other, because they are tenants in common, and there has been no actual ouster. They cannot have partition, because their equitable claims are unequal, and fluctuating, and unsettled.  *Ewer* v. *Hobbs,* 5 Met. 1.

We do not, at present, perceive why the court would not

have jurisdiction in equity, by the Rev. Sts. *c.* 81, § 8, under several different heads, as follows : Suits for the redemption of mortgages, and to foreclose the same ; suits for enforcing and regulating the execution of trusts ; suits between joint tenants and tenants in common, and their legal representatives. In such suit, the present demandants would be entitled to an account ; the tenant Stow would be bound to account for the rents and profits, and to set forth his own claims, as mortgagee or *cestui que trust ;* and it would be competent for the court to adjust, by a decree, all legal and equitable claims of the parties, according to their respective rights.

The administrators of mortgagees may bring actions to obtain possession of the mortgaged premises. Rev. Sts. *c.* 65, § 11. It would probably be necessary to make the Bancrofts parties, because it may not appear certain that they have not some remaining right of redemption, and because the statute (Rev. Sts. *c.* 107, § 8) provides that the mortgagor may be made a party, with a view to taking the account. Before, therefore, Stow and the representatives of Root take the property, and divide it between them, as if all right of redemption were foreclosed, the mortgagors would seem to be necessary parties, in order that they may assert and maintain their right, if they have any, or be barred by the decree. At all events, this action cannot be maintained.

*Demandants nonsuit.*